IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-02079-WYD-BNB

TAMMY BROWN,

      Plaintiff,

v.

THE BOARD OF EDUCATION OF PUEBLO SCHOOL DISTRICT NO. 1;
KITTY KENNEDY;
JOYCE BALES; and
GREG SINN, in their individual capacities,

      Defendants.

---

## ORDER

---

I.    <u>INTRODUCTION</u>

      THIS MATTER is before the Court on Plaintiff's Motion for Correction of an Omission and Partial Reconsideration of Motion to Dismiss in part and Motion for Summary Judgment [# 91], filed March 27, 2007, asking that the Court reconsider its Order of February 1, 2007.  That Order denied Defendants' motion to dismiss in part and granted it in part and denied Defendants' motion for summary judgment.

II.    <u>DEFENDANTS' MOTION</u>

      The Defendants first move to reconsider based on the argument that my February 1, 2007, Order does not include a decision on Defendant Kennedy's Claim of qualified immunity.  In my Order, I stated that "[o]n December 1, 2006, the Court held an evidentiary hearing, and both parties agreed that this issue was subsumed by

Defendants' Motion for Summary Judgment [# 54].  Accordingly, I deny as moot

Defendants' Motion to Dismiss with respect to these claims.  This issue is further

addressed in my analysis of Defendants' Motion for Summary Judgment.  (See Section

II of this Order.)."  After reviewing the transcript of the December 1, 2006, hearing in

this case, I find that my Order was proper and did not contain an omission.  I note the

following exchange from the hearing:

> THE COURT:  Because I think to the extent that the
> motion to dismiss invokes or involves issues concerning
> qualified immunity, that has really been subsumed by the motion
> for summary judgment.  Do you agree with that, Mr. Halpern.
> MR. DEFENDANT:  I do, Your Honor.

(Hr'g. Realtime Tr.)  The Defendants also claim that the Court erred in denying both

Defendants' motion to dismiss and their motion for summary judgment regarding the

constitutional claims against the Board of Education.

III.  ANALYSIS

       Turning to my findings, there are three major grounds that justify reconsideration

of a motion under Rule 59(e):  (1) an intervening change in the controlling law; (2) the

availability of new evidence; and (3) the need to correct clear error or prevent manifest

injustice.  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000); *see*

*also Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) ("[a] Rule 59(e) motion

to alter or amend the judgment should be granted 'only to correct manifest errors of law

or to present newly discovered evidence'") (quotation and internal quotation marks

omitted).  Thus, "a motion for reconsideration is appropriate where the court has

misapprehended the facts, a party's position, or the controlling law."  *Servants of the*

*Paraclete*, 204 F.3d at 1012.  Such a motion is committed to the trial court's discretion. *See Phelps*, 122 F.3d at 1324.

In the case at hand, the Defendants have not advanced any change in the law or newly discovered evidence.  Moreover, they have not shown any clear error in the Court's ruling.  Finally, the Defendants have not shown that the Court misapprehended the facts, the parties' positions or controlling law.  Accordingly, the only ground that the Defendants could possibly rely on in support of their motion is the need to prevent manifest injustice.  I find that the Defendants have not established this need.  At the hearing, Defendants' counsel clearly agreed that the issue of qualified immunity was subsumed by Defendants' motion for summary judgment.  Further, Defendants' other claims in support of its motion to reconsider fail to contain any new information or arguments that were not already set forth in previous pleadings.  Accordingly, I find that the Motion for Correction of an Omission and Partial Reconsideration is not proper and should be denied.  *See Servants of the Paraclete*, 204 F.3d at 1012 (a motion fo reconsideration "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing").

Based upon the foregoing, it is

ORDERED that Defendants' Motion for Correction of an Omission and Partial Reconsideration of Motion to Dismiss In Part and Motion for Summary Judgment [# 91], filed March 27, 2007, is **DENIED**.

Dated:  April 10, 2007

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge